UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TRUCK-LITE CO., INC.,

                Plaintiff,

                                            **Hon. Hugh B. Scott**

        v.

                                            07CV68A

GS 1 US, INC.                                   **Report**
formerly known as Uniform Code Council,     **&**
Inc.,                                         **Recommendation**

                Defendant, Third-Party Plaintiff,

        v.

FEDERAL-MOGUL CORPORATION,

                Third-Party Defendant.
_____

       This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 6). The instant matter before the Court is third-party defendant Federal-Mogul Corporation's (hereinafter "Federal") motion to dismiss the Third-Party Complaint (Docket No. 18[1]). Separately, the Court entered a Scheduling Order for this action (Docket No. 30). Responses to this motion were due by June 4, 2007, replies by June 8, 2007, and the motion was

---

     [1]In support of this motion, third-party defendant Federal-Mogul Corporation submitted its memorandum of law, Docket No. 18, and its reply memorandum, Docket No. 26.
     In opposition to this motion, defendant and third-party plaintiff GS 1, Inc., submitted its responding memorandum, attorney's declaration, and proposed Order, Docket No. 24.
     Plaintiff Truck-Lite submitted a reply affirmation by its counsel to the pending motion, Docket No. 23.

argued on June 13, 2007 (Docket Nos. 20, 29), and the Court reserved decision on June 13, 2007 (Docket No. 29).

## BACKGROUND

*UPC Code*

This case involves the question of which party had control of a UPC pricing code company prefix (hereinafter "Company Prefix"), the unique number that manufacturers and retailers utilize in conjunction with the "product identifying number," to form the code number for the UPC bar code on various products (Docket No. 5, Ans. and Third-Party Compl. ¶¶ 47-50; Docket No. 24, Def. Memo. at 2; see Docket No. 18, Federal Memo. at 2) and the liabilities arising from the assignment of these codes.  The Company Prefix identifies the manufacturer or retailer for the product.  Defendant, third-party plaintiff GS 1 US, Inc. ("defendant"), is a not-for-profit association that establishes supply chain standards and promotes efficient and accurate exchange of product information (Docket No. 24, Def. Memo. at 2).  Product manufacturers, wholesalers, and retailers all subscribe to defendant and one company with their subscription gains the right to receive a distinct "Company Prefix" for its products (id.).

*Pleadings*

Plaintiff Truck-Lite, a New York corporation, sued defendant, a New Jersey corporation with its principal place of business in Ohio (Docket No. 1, Compl. ¶¶ 3-4, 5), alleging tortious interference with business relationships, promissory estoppel, conversion, and negligence in this diversity action.  Plaintiff alleges that, on or about January 16, 2007, defendant wrongfully transferred its UPC Company Prefix 614046 to Federal.  Plaintiff claims that this Company Prefix was assigned by defendant to plaintiff in January 2003 when Federal sold corporate assets

to plaintiff. (Docket No. 1, Compl. ¶¶ 1, 7-8.) Thus, for about four years both plaintiff and Federal used the same Company Prefix (Docket No. 18, Fed. Memo. at 2, 3).

Defendant answered, raising counterclaims against plaintiff and asserting a Third-Party Complaint against Federal (Docket No. 5, Ans. and Third-Party Compl). Federal is alleged to be a Michigan corporation (id. ¶ 52). The counterclaims and third-party action allege negligent misrepresentation by plaintiff and Federal as to which corporation owned the company prefix at issue here. Defendant also seeks a declaratory judgment as to which corporation actually has control of, or has the right to use the company prefix and seeks indemnification from Federal if defendant is found to be liable to plaintiff (id., Ans. and Third-Party Compl.).

*Motion to Dismiss Third-Party Complaint*

On May 18, 2007, Federal moved to dismiss the Third-Party Complaint, asserting that defendant's negligent misrepresentation claim was baseless, failing to allege a misrepresentation at all (Docket No. 18, Federal Memo. at 5). The Third-Party Complaint showed that Federal lacked knowledge that defendant was acting on a mistaken belief about who owned the Company Prefix (id. at 6). Defendant failed to allege that Federal owed it a special duty of care, required under New York law for tort liability in the commercial context (id. at 7). Federal argues that defendant lacked standing to seek declaratory relief to construe the terms of Federal's asset purchase agreement with plaintiff (id. at 8-10).

Under New York law, a party alleging negligent misrepresentation must show "carelessness in imparting words upon which others were expected to rely and upon which they did act or failed to act to their damage, but such information is not actionable unless expressly directed, with knowledge or notice that it will be acted upon, to one to whom the author is bound

3

by some relation of duty, arising out of contract or otherwise, to act with care if he acts at all," White v. Guarante, 43 N.Y.2d 356, 363 (1977) (internal citation omitted) (id. at 6). Federal argues that negligent misrepresentation requires that the statement be false or a misrepresentation (id. at 7 n.3, citing Middle East Banking Co. v. State St. Bank Int'l, 821 F.2d 897, 905 (2d Cir. 1987)). In its reply, Federal points out that an element of this claim is that the information given must be false (Docket No. 26, Federal Reply Memo. at 5, citing Riel v. Morgan Stanley, No. 06 CV 524, 2007 U.S. Dist. LEXIS 11153, at *36 (S.D.N.Y. Feb. 16, 2007); Pappas v. Harrow Stores, Inc., 140 A.D.2d 501, 504, 528 N.Y.S.2d 404, 407 (2d Dep't 1988)[2]). Finally, Federal states that defendant is not entitled to indemnification from Federal (again, under New York law) (Docket No. 18, Federal Memo. at 10-11).

Plaintiff filed a reply affirmation by its attorney which took no position on Federal's motion to dismiss but denies generally any allegations concerning plaintiff's right to use the Company Prefix (Docket No. 23, Pl. Reply Affirm. ¶¶ 3, 4).

Defendant responds that Federal erroneously assumes New York law applies to this action; defendant argues that Ohio law is applicable under contractual choice of law analysis because the most significant contacts are in Ohio (Docket No. 24, Def. Memo. at 5-6). Under Ohio law, defendant concludes that it asserts a valid claim for negligent misrepresentation (id. at 7), that there is a duty imposed upon a professional "who has negligently supplied information for the guidance of others in their business transactions where the recipient of the information, a foreseeable person, justifiably relies upon it," Sito v. Jackshaw Pontiac, Inc., 127 Ohio App. 3d

---

[2] Applicable for the choice of law argument, Federal cites similar case law in Michigan and Ohio, Docket No. 26, Federal Reply at 5-6.

389, 713 N.E.2d 40, 43 (1998) (citations omitted), rejecting a requirement of pleading the existence of a special relationship between the parties to state a claim, National Mulch and Seed, Inc. v. Rexius Forest By-Products Inc., No. 2:02-cv-1288, 2007 U.S. Dist. LEXIS 24904, *37 (S.D. Ohio Mar. 22, 2007) (id.). Alternatively, defendant contends that it stated a claim under New York negligent misrepresentation law (id. at 8-9), that the question of whether a special relationship existed is a question for the trier of fact and not a pleading issue (id. at 9). Defendant argues that a special relationship exists from the members' subscription to defendant's association to obtain a Company Prefix (id.). Defendant next argues that, under Ohio law, it has a valid indemnification claim (id. at 10, citing Satterfield v. St. Elizabeth Health Center, 159 Ohio App. 3d 616, 824 N.E.2d 1047, 1050 (2005); Ohio Fuel Gas Co. v. Pace Excavating Co., 187 N.E.2d 89, 94 (Ohio App. 1963)), stating a claim for implied indemnification (id., at 10 n. 2, valid claim under New York law as well). Defendant argues that declaratory judgment is a remedy and not an additional cause of action and that it has constitutional standing to seek this remedy (id. at 11-12).

    In reply, Federal disputes defendant's choice of law analysis. First, Federal argues that the underlying claims are tortious and not contractual, hence tort choice of law analysis is applicable (Docket No. 26, Federal Reply Memo. at 3-4). Further, even accepting defendant's significant contacts analysis, the most significant contacts are not in Ohio as defendant claims (id. at 4-5). Federal concludes that defendant's negligent misrepresentation claim fails under New York, Ohio, or Michigan law (id. at 5), arguing during oral argument that the federal courts in Ohio have differed on the applicable standard for negligent misrepresentation. Federal argues that no false statement was alleged (id.) and at most defendant was relying upon Federal's

statement of a legal conclusion about Federal's rights that defendant could not rely upon to state a negligent misrepresentation claim (id. at 7). As for the indemnification claim, Federal argues that defendant has not alleged facts of Federal's wrongdoing to make Federal liable (id. at 9) and that defendant has not alleged a special relationship to warrant implied indemnification under either Ohio or New York law (id. at 9-10).

## DISCUSSION

I.   Motion to Dismiss Standard

While this motion was pending, the United States Supreme Court recently revisited the longstanding standard of Conley v. Gibson for consideration of complaints under Rule 12(b)(6). Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955 (May 21, 2007). The Conley Court, in denying defendants' contention that the complaint's general allegations of discriminatory treatment lack sufficient specificity, see Bell Atlantic, supra, 127 S.Ct. at 1977 (Stevens, J., dissenting), held that, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (emphasis added). But the Bell Atlantic Court retired the "no set of facts" formulation of Conley as being incomplete and not the "minimum standard of adequate pleading to govern a complaint's survival" but "described the breadth of opportunity to prove what an adequate complaint claims," Bell Atlantic, supra, 127 S.Ct. at 1969; cf. id. at 1979 (Stevens, J., dissenting). The Bell Atlantic Court held that the Conley phrase "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated

adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," id. at 1969.

Bell Atlantic sets forth a new standard to challenge pleadings at the motion to dismiss stage. The Court first recognized that Federal Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to provide "fair notice" to the defendant of the claim and "the grounds upon which it rests," Conley, supra, 355 U.S. at 47, Bell Atlantic, supra, 127 S.Ct. at 1964. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . , a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level," Bell Atlantic, supra, 127 S.Ct. at 1964-65 (citations, including to Conley, supra, omitted). In setting forth the standard for alleging a Sherman Act § 1 claim, the Court held that the Complaint must allege "enough factual matter (taken as true) to suggest that an agreement was made," and this "plausible grounds to infer an agreement . . . simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement," id. at 1965. The Bell Atlantic Court held that an allegation of parallel conduct and a bare assertion of conspiracy will not suffice to allege a Sherman Act violation, id. at 1965-66, since those two items alone would not show that plaintiffs were entitled to relief for Rule 8(a)(2) purposes, id. The Court concluded that plaintiffs there needed to plead "enough facts to state a claim to relief that is plausible on its face," id. at 1974.

A Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document

incorporated in it by reference.  Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985).  In considering such a motion, the Court must accept as true all of the well pleaded facts alleged in the Complaint.  Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985).  However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true.  New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

Thus, the issue here is whether defendant (as third-party plaintiff) has plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic, supra, 127 S.Ct. at 1974, against Federal.  Before addressing this larger issue, the Court first must determine which law forms the claim asserted by defendant in its Third-Party Complaint.

II.     Choice of Law

Federal argues that New York law applies to defendant's negligent misrepresentation claim (Docket No. 18, Federal Memo. at 6).  Defendant replies that Ohio law applies under New York's choice of law analysis for contract claims (Docket No. 24, Def. Memo. at 5-6).  Federal replies that, since this is a tort, contract choice of law rules do not apply and, if contract choice of law defendant cites was applicable, defendant misapplied the standard (Docket No. 26, Federal Reply Memo. at 3-5).

A federal court in diversity applies the choice of law rules for the forum state, here New York.  Klaxon Co. v. Stentor Elec. Mfg., 313 U.S. 487, 496 (1941); Elgin Sweeper Co. v. Melson, Inc., 884 F. Supp. 641, 648 (N.D.N.Y. 1995).  Under New York choice of law rules, "the first step in any case presenting a potential choice of law is to determine whether there is an

actual conflict between the laws of the jurisdiction involved." Matter of Allstate Ins. Co., 81 N.Y.2d 219, 223, 597 N.Y.S.2d 904, 905 (1993). This Court need not determine which forum's law applies where the relevant issue would turn out the same under the fora's law and no true conflict exists, Elgin Sweeper, supra, 884 F. Supp. at 648; Howard v. Clifton Hydraulic Press Co., 830 F. Supp. 708, 712 (E.D.N.Y. 1993), or where New York law and the other fora's laws have no material differences, the New York law applies, Elgin Sweeper, supra, 884 F. Supp. at 648. "New York's current choice-of-law rules require the court to consider the following three elements: the domicile of the plaintiff, the domicile of the defendant, and the place where the injury occurred." Lucas v. Lalime, 998 F. Supp. 263, 267, 265 (W.D.N.Y. 1998) (Heckman, Mag. J., R&R, adopted by Arcara, J.) (applying choice of law rules for legal malpractice in action also alleging fraudulent misrepresentation, breach of contract, and conversion, among other claims). Where more than one element is in the same state, that state's law should apply. Id.; Datskow v. Teledyne Continental Motors, 807 F. Supp. 941, 943 (W.D.N.Y. 1992) (Larimer, J.).

   Here, defendant's claim is a tort, negligent misrepresentation of the terms of a contract and Federal's rights to the Company Prefix. Thus, New York choice of law rules for torts needs to be examined, cf. Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1540 (2d Cir. 1997) (noting possibility under New York choice of law rules that different jurisdictions' laws may apply to tort and contract claims in a given suit). Third-party plaintiff GS 1 US, Inc., is domiciled in Ohio, third-party defendant Federal is domiciled in Michigan. Determining where the tort injury occurred becomes tricky. Unlike the personal injury accident which has a clear situs, cf. Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743 (1963) (automobile accident);

9

Schultz v. Boy Scouts of Am., Inc., 65 N.Y.2d 189, 491 N.Y.S.2d 90 (1985) (negligent supervision allegedly leading to child sexual abuse), a commercial tort such as presented here does not have a clear situs of injury. In Schultz, the New York State Court of Appeals held that the locus of a tort, where the negligent conduct occurred in one jurisdiction and injuries are suffered in another, is where the last event necessary to make the actor liable occurred, 65 N.Y.2d at 195, 491 N.Y.S.2d at 93-94. For negligent misrepresentation, that last event would be the disclosure of the offending statement, Sack v. Low, 478 F.2d 360, 366 (2d Cir. 1973) (Friendly, J.) (place of injury from misrepresentation is where loss is sustained rather than where misrepresentation was made); see PPI Enters. (U.S.) v. Del Monte Foods, No. 99 Civ. 3794, 2003 U.S. Dist. LEXIS 16006, at *58-59 (S.D.N.Y. Sept. 11, 2003) (fraud claims governed by law of where injury occurred, usually where plaintiff is located, when plaintiff is a corporation that location is its principal place of business not its place of incorporation; internal citations, including to Sack, supra, omitted).

Assuming there is a material difference in the substantive law, there are three possible jurisdictions that may have an interest here: New York (the forum jurisdiction and plaintiff's home), Ohio (defendant's principal place of business and claimed center of gravity (Docket No. 24, Def. Memo. at 6-7)), and Michigan (Federal's place of incorporation). On the cause of action for negligent misrepresentation, Federal discusses what New York law requires, defendant cites Ohio law in general, with the occasional reference to Michigan law. The key difference between New York and Ohio law regarding negligent misrepresentation is whether the offending actor needed to owe some special duty to others or not in making the misrepresentation. All three jurisdictions appear to agree that such a misrepresentation requires an element of falsehood,

see also Blue Ridge Farms, Inc. v. Crown Equip. Corp., No. 01CV8460, 2005 U.S. Dist. LEXIS 7217, at *34-36 (E.D.N.Y. Mar. 31, 2005). The court in Blue Ridge Farms compared elements of negligent misrepresentation in New York and Ohio and held that, although formulated differently, there was no significant difference in outcome in either jurisdiction, id. Both jurisdictions' "tests seek to determine whether the party charged with providing false information was bound by any duty of reasonable care or competence in the communication of that information, both require proof of reasonable reliance by the charging party, and both contain the essential requirement that the information supplied was false," id. at *35-36. The Blue Ridge Farms court then applied New York law, id. at *36. Given that defendant's claims turn on whether a falsehood was conveyed by Federal, the choice of law issue disappears.

III.     Negligent Misrepresentation

Defendant allege that plaintiff and Federal negligently misrepresented which one of them truly controlled the company prefix. The misrepresentation alleged by defendant is that Federal represented, in January 2007, that it (and not plaintiff) owned the Company Prefix and this representation was false because plaintiff now disputes that ownership (see Docket No. 24, Def. Memo. at 7-8), that Federal claimed that it had exclusive rights to the Company Prefix (id. at 8). Regardless of whether New York or Ohio law applies, the issue then is whether Federal's action here was either careless or negligent in asserting its position that it still owned the Company Prefix. Defendant's claim implies that Federal owed a duty of full disclosure, that it had to tell defendant that others may have claims to the Company Prefix, to avoid negligent misrepresentation. Whether this case involves a special duty (as contended by Federal) or some duty of full disclosure of not only Federal's position but also the existence of a dispute as to that

11

position and that plaintiff may have a claim, defendant needed to allege such a duty in order to sustain this negligent misrepresentation claim. Defendant has not alleged such a duty or that Federal's statement (while ultimately disputed) was in fact false or a misrepresentation. Therefore, Federal's motion to dismiss the Third-Party Complaint should be **granted on this basis**.

IV.     Declaratory Judgment and Indemnification

Given that the remaining claim or relief sought (declaratory judgment and indemnification) turn on the substantive claim, if the negligent misrepresentation claim is dismissed, then these other claims and relief sought should also be **dismissed** and the entire Third Party Complaint should be **dismissed** as to Federal, without reaching the constitutional standing issues under Article III of the Constitution (compare Docket No. 24, Def. Memo. at 11-13 with Docket No. 26, Federal Reply Memo. at 8-9, Docket No. 18, Fed. Memo. at 8-10).

## CONCLUSION

Based upon the above, it is recommended that third-party defendant Federal-Mogul Corporation's motion (Docket No. 18) to dismiss the Third-Party Complaint be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation**

in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
June 18, 2007