UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────

TRUCK-LITE CO., INC.,

                              Plaintiff,

                                                  DECISION AND ORDER
      v.                                       07-CV-68A

GS1 US, INC., f/k/a UNIFORM COMMERCIAL
CODE COUNCIL, INC.,

                           Defendant and
                           Third-Party Plaintiff,

FEDERAL-MOGUL CORPORATION,
                           Third-Party Defendant.

───────────────────────────────────────

        This case was referred to Magistrate Judge Hugh B. Scott on March 29,

2007.  Third-party defendant Federal-Mogul Corp. ("Federal-Mogul") moved to dismiss

the third-party complaint filed against it by GS1 US, Inc. ("GS1"), and GS1 opposed the

motion.  On June 18, 2007, Magistrate Judge Scott issued a report and

recommendation recommending that the motion to dismiss be granted.

        GS1 filed objections to the report and recommendation and Federal-

Mogul filed a response urging the Court to deny the objections and adopt the report and

recommendation.  While the objections were pending, GS1 moved for leave to file an

amended third-party complaint.

        On August 6, 2007, the Court heard oral argument on the objections and

directed Federal-Mogul to respond to GS1's motion for leave to file an amended third-

party complaint.  On August 17, 2007, Federal-Mogul filed a brief opposing GS1's

motion and arguing that amendment of GS1's third-party complaint would be futile. GS1 filed a reply on August 24, 2007 and the matter was deemed submitted.  In the interim, both Federal-Mogul and GS1 consented to stay discovery pending resolution of this issue.  *See* Motion to Stay Discovery, Dkt. 43.

For the purposes of this Decision and Order, the Court assumes familiarity with facts underlying this litigation, the parties' respective arguments and Magistrate Judge Scott's report and recommendation.

## I.       Objections of Report and Recommendation

Pursuant to 28 U.S.C. §636(b)(1), this Court must make a *de novo* determination of those portions of the report and recommendation to which objections have been made.  Upon a *de novo* review, and after reviewing the submissions of the parties, the Court hereby adopts Magistrate Judge Scott's report and recommendation and grants Federal-Mogul's motion to dismiss the third-party complaint for the reasons stated by Magistrate Judge Scott.

## II.      Leave to Amend the Third-Party Complaint

As noted, GS1 seeks leave to amend its third-party complaint to correct the deficiencies identified in Magistrate Judge Scott's report and recommendation. Federal-Mogul opposes the motion to amend arguing that amendment is futile.

A motion to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that "[t]he court should freely give leave when justice so

requires." Fed.R.Civ.P. 15(a).  However, a court may deny a motion to amend "for good

reason, including futility, bad faith, undue delay, or undue prejudice to the opposing

party." *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir. 2007) (*citing*

*Forman v. Davis,* 371 U.S. 178, 182 (1962)).

A motion to amend may be denied as futile if the amendment would not

withstand a motion to dismiss pursuant to Rule 12(b)(6).  *See Oneida Indian Nation of*

*New York v. City of Sherill,* 337 F.3d 139, 168 (2d Cir. 2003), *rev'd on other grounds,*

544 U.S. 197 (2005).  To survive a 12(b)(6) motion, a complaint need only include

enough facts to state such a claim "that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1974 (2007). The allegations offered by the

plaintiff "must be enough to raise a right to relief above the speculative level." *Id*. at

1965.

Federal-Mogul argues that amendment of the complaint is futile because GS1

cannot prevail on a negligent misrepresentation theory.  The parties dispute whether

New York or Ohio law applies to GS1's negligent representation claim.  GS1 claims that

Ohio law governs, while Federal-Mogul relies upon the law of New York.  Like the

Magistrate Judge, this Court finds it unnecessary to determine whether Ohio or New

York law applies to GS1's negligent misrepresentation claim because, even applying

the more stringent New York standard (as urged by Federal-Mogul), the Court finds that

leave to amend should be granted.

The elements for a negligent representation claim under New York law are that:

(1) the defendant had a duty, as a result of a special relationship, to give correct

information; (2) the defendant made a false representation that it should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and acted upon it; and (5) the plaintiff reasonably relied on it to his or her detriment. *See Hydro Investors, Inc. v. Trafalgar Power, Inc*., 227 F.3d 8, 20 (2d Cir. 2000) (citing *King v. Crossland Savs. Bank*, 111 F.3d 251, 257-58 (2d Cir. 1997) and *Eiseman v. State of New York*, 70 N.Y.2d 175, 187 (1987)).

Federal-Mogul argues that GS1 cannot satisfy the "special relationship" element of its negligent misrepresentation claim because, according to Federal-Mogul, their relationship was "nothing other than an ordinary business relationship."  *See* Federal-Mogul's Opposition to GS1's Motion for Leave to Amend, Dkt. 41, at 8.

The New York Court of Appeals discussed the "special relationship" component of a negligent misrepresentation claim in *Kimmell v. Schaefer,* 89 N.Y.2d 257 (1996). The Court of Appeals explained in *Kimmell* that whether a special relationship exists between two parties is "an issue of fact" that depends upon:

> whether the person making the representation held or appeared to hold unique or special expertise; whether a special relationship of trust or confidence existed between the parties; and whether the speaker was aware of the use to which the information would be put and supplied it for that purpose.

*Kimmell,* 89 N.Y.2d at 264.  The Court further explained that in the context of commercial transactions, "not all representations made by a seller of goods or a provider of services will give rise to a duty to speak with care . . . [r]ather, liability for negligent misrepresentation has been imposed only on those persons who possess

4

unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified." *Id.* at 263 (citation omitted).

New York courts have held that liability for a negligent misrepresentation may exist where "there is a relationship between the parties such that there is an awareness that the information provided is to be relied upon for a particular purpose by a known party in furtherance of that purpose, and some conduct by the declarant linking it to the relying party and evincing the declarant's understanding of their reliance.'" *See Grammar v. Turits,* 271 A.D.2d 644 (2d Dep' t 2000) (quotation  omitted).   In this case, GS1 alleges that Federal-Mogul, as a subscriber, had a "special relationship" with GS1 which required it to "provide complete and accurate information" relating to its business and its assignments.  *See* Proposed Answer, Affirmative Defenses and Amended Counterclaim and Third-Party Complaint, at ¶ ¶ 50, 55, 72-77, 88, attached as Exh. A to Dkt. 35.  GS1 further alleges that Federal-Mogul was aware of GS1's need for accurate information on that issue, was aware of the use to which that information would be put (i.e. "to guide GS1 in its business transactions," *id.* at ¶ 73), and specifically provided the information for that purpose.  These allegations of a special relationship under New York law are sufficient to permit GS1's negligent misrepresentation claim to go forward. Whether the evidence will support GS1's allegations is ultimately a question of fact to be resolved after discovery.  *See Suez Equity Investors, L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 104 (2d Cir. 2001) ("Given that a determination of whether a special relationship exists is essentially a factual inquiry, [the] allegations are sufficient to

overcome a motion to dismiss."); *Dubai Islamic Bank v. Citibank, N.A.,* 256 F.Supp.2d

158, 165 (S.D.N.Y. 2003) ("[W]hether a 'special relationship' giving rise to a duty exists

is generally a question of fact.").

Alternatively, Federal-Mogul argues that GS1's claim fails because it cannot

show reasonable reliance upon the alleged misrepresentations.  Federal-Mogul points

out that, at the time that it advised GS1 that it still owned the company prefix at issue,

GS1 was aware of Truck-Lite's counterclaim of ownership.  Thus, according to Federal-

Mogul, GS1 acted at its own peril in relying upon the representations.  GS1 responds

saying that it "relies exclusively on the information provided to it by its subscribers" and

that it acted reasonably in relying upon the truthfulness of Federal-Mogul's

representations.  *See* GS1's Reply Memorandum, Dkt. 42, at 5.

The issue of reasonable reliance, like the special relationship issue, is a question

of fact that is not appropriately resolved at the pleadings stage.  *See Stratford Group,*

*Ltd. v. Interstate Bakeries Corp.,* 590 F.Supp. 859, 865 (S.D.N.Y.1984) ("Whether or

not reliance was justifiable is ordinarily a question of fact to be determined by the trier of

fact on all of the facts and circumstances proven at trial."); *see also Papworth v. Steel*

*Hector & Davis*, 2007 WL 2903944, *8 (N.D.N.Y Sept. 30, 2007) ("Whether or not

reliance on alleged misrepresentations is reasonable in the context of a particular case

is intensely fact-specific and generally considered inappropriate for determination on a

motion to dismiss."); *Fleet Bank v. Pine Knoll Corp*., 290 A.D.2d 792, 796 (3d Dep't

2002) (holding that motion to dismiss negligent misrepresentation counterclaim was

properly denied); *Salesian Soc., Inc. v. Nutmeg Partners Ltd.,* 271 A.D.2d 671, 673 (2d

Dep't 2000) (reversing the lower court's dismissal of a negligent misrepresentation claim because "whether the nature and caliber of the relationship between the parties is such that the injured party's reliance . . is justified generally involves a question of fact.").  At this stage of the proceedings, it cannot be said that GS1's reliance upon the alleged misrepresentations was unreasonable as a matter of law.[1]

Because futility of the proposed amended third-party complaint has not been shown, GS1's motion for leave to amend is granted.  GS1 shall file its amended third-party complaint by May 1, 2008.  Federal-Mogul shall file its answer to the amended third-party complaint by May 30, 2008.  The stay of discovery is lifted and the parties are directed to contact Magistrate Judge Scott to obtain an amended scheduling order. this matter is referred back to Magistrate Judge Scott for further proceedings.


SO ORDERED.

s/ *Richard J. Arcar*a
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  March 27, 2008

---

[1]  Nothing herein is intended to preclude Federal-Mogul from reasserting its arguments regarding reliance and the lack of a special relationship after discovery.